IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ANGELINA M. DENNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cv-00879-MDH |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381 *et seq*. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. After carefully reviewing the files and records, the Court finds the decision of the Commissioner is not supported by substantial evidence in the record as a whole and the decision is therefore **REVERSED** and **REMANDED**.

## I. BACKGROUND

The procedural history, facts, and issues of this case are contained in the record and the parties' briefs, so they are not repeated here. To summarize, this case involves a 23-year old woman who applied for SSI due to seizure disorder, bipolar disorder, depression, anxiety, personality disorder, and learning problems. The ALJ found that Plaintiff suffered from severe impairments including seizure disorder, knee arterial occlusive disease, bipolar disorder, anxiety disorder, and history of a learning disorder. The ALJ determined that Plaintiff's impairments did not meet or equal a listed impairment and that Plaintiff retained the following residual functional capacity ("RFC"):

1

> [S]he has no lifting, carrying, pushing or pulling limitations; she can sit for up to 6 hours in an 8-hour workday; she can stand/walk for up to 2 hours in an 8-hour workday; she cannot balance or climb ladders, ropes, or scaffolds; she should avoid unprotected heights; she is limited to simple, routine, repetitive unskilled work tasks; she is limited to no public contact; she can have no more than occasional supervision; and she can work around co-workers but with only occasional interaction with co-workers.

The ALJ concluded Plaintiff could perform jobs that existed in significant numbers in the national economy, including representative occupations of document scanner, circuit board assembler, and packager. Plaintiff argues on appeal that the ALJ's RFC and the VE's testimony is not supported by substantial evidence in the record as a whole.

## II. STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)). Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls

2

outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007).

### III. DISCUSSION

After full review and careful review of the records and briefs, the Court finds the decision of the Commissioner is not supported by substantial evidence in the record as a whole as it relates to Plaintiff's mental impairments.[1]

In this case, both experts opined that Plaintiff was at least moderately limited in her ability to maintain attention and concentration for extended periods of time. Plaintiff's school records show she suffered from low average intelligence with learning deficits in reading, writing, and math and a "weakness" in her ability to sustain attention and concentration. Plaintiff's treating psychiatrist, Dr. Anya, noted in treatment notes that Plaintiff "has difficulty concentrating on a task" and in her narrative report to the ALJ that Plaintiff "has an intact attention span, but had difficulties with concentrating on a task as evidenced by errors when asked to name the months of the year backwards, or perform serial seven subtractions." Tr. 245, 318. Dr. Anya opined that Plaintiff suffers from "extreme" deficits in maintaining concentration, persistence, or pace. The ALJ discounted that portion of Dr. Anya's opinion as unsupported by examples and as inconsistent with Dr. Anya's explanatory narrative. The ALJ, instead, gave "significant" weight to the opinion of Dr. Markway, a non-treating and non-examining medical consultant who reviewed Plaintiff's file over one year prior to the hearing and who summarily opined that Plaintiff was "moderately limited" in her ability to maintain attention and concentration for extended periods of time. The ALJ ultimately found that Plaintiff had "no more than moderate difficulties" with regard to concentration, persistence, or pace and could

---

[1] The ALJ's decision with respect to Plaintiff's physical impairments is supported by substantial evidence in the record as a whole.

3

perform "simple, unskilled work performable subject to the above-defined residual functional capacity."

The ALJ's findings concerning Plaintiff's ability to maintain concentration, persistence, or pace are unsupported by substantial evidence in the record as a whole. First, the Court disagrees with the ALJ's assessment that Dr. Anya's narrative is necessarily inconsistent with Dr. Anya's opinion that Plaintiff has extreme limitations in her ability to maintain concentration, persistence, or pace. The Court notes that Dr. Anya, as Plaintiff's treating psychiatrist, is "likely to be the medical professional[] most able to provide a detailed, longitudinal picture of [Plaintiff's] medical impairment(s)" and that she "bring[s] a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2). To the extent the ALJ could not ascertain the basis of Dr. Anya's opinion from the record, the ALJ should have made "'every reasonable effort' to recontact the source for clarification of the reasons for the opinion" in accordance with SSR 96-5p. Second, the record reflects that Plaintiff suffered at least "moderate" difficulties in her ability to maintain attention and concentration for extended periods of time, yet the ALJ failed to include any limitations in the RFC and hypothetical posed to the VE regarding Plaintiff's limitations in concentration, persistence, or pace. Courts have held that limitations to simple, routine, repetitive and/or unskilled work do not sufficiently account for the moderate limitations in concentration, persistence, or pace and the failure to sufficiently account for such limitations warrants reversal where, as here, the VE testified that additional limitations related to completion of tasks in a timely manner, unscheduled breaks, and/or off-task time would further erode the jobs available to Plaintiff. *See, e.g., Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996); *Rojas v. Colvin*, No. 415CV00004ODSSSA, 2015 WL 9901286, at *2 (W.D.

Mo. Jan. 13, 2015); *Porter v. Colvin*, No. 4:14-CV-00813-NKL, 2015 WL 3843268, at *7 (W.D. Mo. June 22, 2015); *Leeper v. Colvin*, No. 4:13CV367 ACL, 2014 WL 4713280, at *10 (E.D. Mo. Sept. 22, 2014); *Johnson v. Astrue*, No. CIV. 10-4676 RHK/AJB, 2011 WL 7139356, at *10 (D. Minn. Dec. 29, 2011) report and recommendation adopted, No. CIV. 10-4676 RHK/AJB, 2012 WL 315918 (D. Minn. Feb. 1, 2012).

In light of the foregoing, reversal and remand is required in order for the ALJ to re-assess and/or provide further clarification regarding the functional limitations that are associated with Plaintiff's deficiencies in concentration, persistence, or pace. The ALJ shall elicit additional VE testimony that takes into account any such limitations. Furthermore, on remand, the ALJ shall clarify what, if any, functional limitations are related to Plaintiff's severe impairment of "history of learning disorder." Finally, the ALJ shall clarify the weight accorded to Dr. Anya's opinion and, to the extent the ALJ discounted portions of that opinion, the ALJ shall clearly explain the rationale for doing so.

### IV. CONCLUSION

In sum, the Court finds the Commissioner's decision is not supported by substantial evidence in the record as a whole and **REVERSAL** and **REMAND** is required in accordance with this opinion.

**IT IS SO ORDERED**.

Dated: March 9, 2016  */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**